GERKHARDT v. AUSTIN.

(Supreme Court, Appellate Term. June 28, 1899.)

CONTINUANCE—ISSUANCE OF SUBPŒNA DUCES TECUM.

A subpœna duces tecum had been issued at defendant's instance for books of a corporation, and on an affidavit of their number and size an order was made for their inspection at its place of business by the defendant's attorney and any expert bookkeeper whom he might desire, who should be a stranger to all parties, and to a third person named, and contrary thereto defendant produced for examination a discharged bookkeeper, whose presence and inspection would be offensive. *Held*, that defendant's application thereupon to adjourn the trial and issue a subpœna duces tecum for the books was properly refused.

Appeal from municipal court, borough of Manhattan, First district.

Action by Adam Gerkhardt against H. G. Willis Austin. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

C. E. Sutherland, for appellant.
Charles E. Hill, for respondent.

MacLEAN, J. The plaintiff brought this action, as assignee, for the principal and interest due on 18 promissory notes, one of which was drawn to his assignor, and the remainder drawn to the order of a corporation. These latter the assignor apparently indorsed at the time of their making. The indorsement of the corporation, the payee, appeared upon each of the 17 notes, and likewise the payee's receipts for their payment. Each of the parties claimed that the notes had been respectively made and indorsed for the accommodation of the other, and each gave evidence in support of his contention. There appears no reason for disturbing the finding of fact of the justice upon this conflict. The principal contention of the defendant (appellant) rests upon a refusal of the trial justice to adjourn the trial of the action, and issue a subpœna duces tecum for the production of the books of the corporation, to whose order 17 of the notes were made. It appeared that a subpœna duces tecum had been issued for the production of these books, and that upon an affidavit showing their number and size an order had been made by the justice for their inspection at the place of business "by the attorney for the defendant and any expert bookkeeper whom he may desire to take with him,

who shall be a stranger to all the parties hereto and the said George E. Austin," and that the defendant, contrary to the terms of the order, produced for such examination a discharged bookkeeper, whose presence and inspection of the books of the corporation would be offensive. These facts duly appearing, the learned justice very properly refused another application for the adjournment of the trial, and proceeded therewith. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.